# Order

**Michigan Supreme Court**
**Lansing, Michigan**

November 8, 2019

Bridget M. McCormack,
Chief Justice

David F. Viviano,
Chief Justice Pro Tem

Stephen J. Markman
Brian K. Zahra
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh,
Justices

159279

PEOPLE OF THE STATE OF MICHIGAN,
　　　　　Plaintiff-Appellee,

v

KESIA DIONNA MALONE,
　　　　　Defendant-Appellant.
_____/

SC: 159279
COA: 333852
Kent CC: 15-011206-FH

On order of the Court, the application for leave to appeal the January 17, 2019 judgment of the Court of Appeals is considered and, pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we REVERSE the judgment of the Court of Appeals, VACATE the sentence of the Kent Circuit Court, and REMAND this case to the trial court for resentencing. The trial court did not justify its sentence with appropriate reasons. Sentencing courts must consult the applicable guidelines range and take it into account when imposing a sentence and justify the sentence imposed, see *People v Lockridge*, 498 Mich 358, 392 (2015), but nothing in the record suggests the trial court considered the defendant's applicable range.

We do not retain jurisdiction.

MARKMAN, J., (*dissenting*).

I respectfully dissent from this Court's order peremptorily reversing the judgment of the Court of Appeals and remanding Kesia Dionna Malone's case for resentencing. The trial court, in support of imposing a sentence tied to the statutory maximum for first-degree retail fraud, cited Malone's criminal history and the fact that she was serving two probation sentences when she committed her instant offense. Malone's criminal record-- 21 convictions, 11 of which are for various degrees of retail fraud-- speaks for itself. That shortly before her instant offense Malone received lenient sentences on a pair of convictions for first-degree retail fraud as a fourth-offense habitual offender and that she was on probation at the time of her instant offense also speaks for itself. Additionally, although not relied upon by the trial court, the then 35-year-old Malone involved a 16-year-old in her theft of over a thousand dollars' worth of alcohol. Considering Malone's offense history and the facts of her instant offense, Malone fits exactly the profile of an offender the Legislature likely envisioned in setting the maximum term of imprisonment for the offense of first-degree retail fraud. Although the trial court should have expressly

laid out and assessed defendant's guidelines minimum sentence range, defendant failed to object, thus subjecting the error to "plain error" review. *People v Carines*, 460 Mich 750, 763-764 (1999). And because of defendant's record of extreme recidivism and the need to better protect the public by her incapacitation, defendant simply cannot satisfy the prejudice prong of plain-error review, and I would not expend further judicial resources by remanding this case for resentencing. But although I dissent from this Court's order, I do encourage the trial court on remand to engage in a more focused and specific explanation of its sentence.

ZAHRA, J., joins the statement of MARKMAN, J.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

November 8, 2019



Clerk

a1105